# In the United States Court of Federal Claims

No. 19-1272C

(Filed: September 11, 2019)

**NOT FOR PUBLICATION**

| | |
|---|---|
| WALTER ALLEN, ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| v. ) | Dismissal for Want of |
| ) | Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

ORDER

    The following items are currently before the court in this matter: (1) the complaint of pro se plaintiff Walter Allen, ECF No. 1, filed August 26, 2019; and (2) plaintiff's supplemental exhibit to the complaint filed by leave of the court on September 9, 2019, ECF No. 4. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    Plaintiff's handwritten complaint is largely incoherent. The first line of the complaint contains this string of words: "Domestic violence socialism sexism racism." ECF No. 1 at 1. The same string of words is repeated on page three of the complaint. Id. at 3. It appears that plaintiff seeks compensation related to various domestic violence incidents described in the complaint and its exhibits. See id. at 5 ("All Amt.s Claim Under Certificate Svc. Rule. All and each D.V. incident described in Complaint and Attachment."). The amount sought is either $11,520.000,000,000,000,000,000.00, or "eleven million five hundred twenty thousand zillion dollars." Id.

    In the court's view, there is no comprehensible claim for monetary damages against the United States contained in plaintiff's complaint. Although a domestic violence incident might provide the basis for a suit against private individuals, or state or local authorities, in some other court, the United States Court of Federal Claims is not the

forum, nor is the court aware of any forum, for claims against the federal government related to domestic violence incidents.  The court notes that the only proper defendant in this court is the United States.  E.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted).  Because there is no claim in the complaint within this court's jurisdiction, plaintiff's suit must be dismissed.

     Accordingly, the clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).  Additionally, the clerk's office is directed to **RETURN** any future filings in this case not in compliance with this court's rules to plaintiff, unfiled, without further order of the court, except for any notice of appeal.

     IT IS SO ORDERED.

                                                               PATRICIA E. CAMPBELL-SMITH
                                                              Judge